IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Michael Springfield, | : |
| Plaintiff, | : Civil Action No.: 3:13CV-429-S |
| v. | : |
| | : **COMPLAINT** |
| Medical Business Bureau, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Michael Springfield, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Michael Springfield ("Plaintiff"), is an adult individual residing in Taylorsville, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Medical Business Bureau, LLC ("MBB"), is a Illinois business entity with an address of 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by MBB and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. MBB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to MBB for collection, or MBB was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MBB Engages in Harassment and Abusive Tactics

12. Within the last year, Plaintiff initiated contact with Defendants after Defendants reported the Debt on Plaintiff's credit report.

13. During this conversation, Plaintiff informed Defendants that he had been paying Creditor for the past few months to towards satisfying the Debt.

14. Plaintiff then faxed Defendants a request for Defendants to provide proper validation of the Debt or, alternatively, to remove the account from Plaintiff's credit report.

15. During the subsequent telephone conversation initiated by Plaintiff on or around January 14, 2013, Defendants confirmed receipt of Plaintiff's fax.

16. Defendants then stated that they refused to remove the account or conduct an investigation to validate the Debt.

17. To date, Plaintiff has not received validation of the Debt from Defendants as required by 15 U.S.C. § 1692g.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the debt was disputed to the credit bureaus.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been verified.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. Ann. § 367.110, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

33. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

34. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 25, 2013

        Respectfully submitted,

        By   /s/ Joseph E. Blandford, Jr.

        Joseph E. Blandford, Jr., Attorney at Law
        1387 S. Fourth Street
        Louisville, Kentucky 40208
        Telephone: (855) 301-2100 Ext. 5535
        Facsimile: (888) 653-9237
        jblandford@lemberglaw.com

        <u>Of Counsel To</u>
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (888) 953-6237